**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DANIEL DEATON,
Plaintiff-Appellant,

v.                                                                No. 96-1212

THE CITY OF RICHMOND,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CA-95-561-3)

Submitted: December 17, 1996

Decided: January 7, 1997

Before WIDENER, HALL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Daniel Deaton, Appellant Pro Se. Beverly Agee Burton, Assistant
City Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant appeals the district court's order denying relief on his 42 U.S.C. § 1983 (1994) complaint. We have reviewed the record and the district court's opinion and find no reversible error as to the issues addressed by the district court. Additionally, we find the claims not specifically addressed by the district court to be without merit. Accordingly, we affirm substantially on the reasoning of the district court. Deaton v. City of Richmond, No. CA-95-561-3 (E.D. Va. Jan. 18, 1996).

To the extent Appellant claims that Appellee violated his due process rights by using his polygraph results in the determination of his disciplinary action in violation of state law, this court finds his claim meritless. Even if Appellee impermissibly considered the results, violations of state law cannot provide the basis for a federal due process claim. See Weller v. Department of Social Servs. , 901 F.2d 387, 392 (4th Cir. 1990); Clark v. Link, 855 F.2d 156, 161-63 (4th Cir. 1988).

We also find meritless Appellant's averment that Appellee violated his due process rights by withholding money from him without sufficient evidence and without a proper hearing. First, this court concludes that Appellee withheld the money based on sufficient evidence. Because the Appellee acted in a judicial capacity and resolved factual issues which the parties had an adequate opportunity to litigate, this court must give deference to the Appellee's factfindings. See Layne v. Campbell County Dep't of Social Servs., 939 F.2d 217, 219 (4th Cir. 1991) (citing University of Tenn. v. Elliott, 478 U.S. 788, 799 (1986)). Based on a de novo review of the facts Appellant submits were presented at his post-termination hearing, this court concludes that substantial evidence supported the Appellee's decision that the money did not belong to the Appellant. Hence, we will not disturb Appellee's factfindings.

To the extent that the Appellant contends that the Appellee violated his due process rights by withholding the money without a proper hearing, his claim is without merit. Because the Appellee complied with the state grievance procedures and provided the Appellant with

2

adequate notice and an opportunity to respond in a post-termination hearing, Appellant received all the process which he was constitutionally due. See Holland v. Rimmer, 25 F.3d 1251, 1259 (4th Cir. 1994). Therefore, because the Personnel Board based its decision on sufficient evidence and the post-termination hearing complied with due process, we affirm the denial of summary judgment for Appellant and grant of summary judgment for the Appellee on this claim.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED